## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:                               CHAPTER 13

JAMES BRENDAN DIMOND,           CASE NO. 10-52106-PJS

JENNIFER ANNE DIMOND,           JUDGE PHILLIP J. SHEFFERLY

                      DEBTORS.

_____/

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF THE DEBTORS' FIRST MODIFIED, PRE-CONFIRMATION CHAPTER 13 PLAN

NOW COMES the Chapter 13 Standing Trustee in this matter, David Wm. Ruskin, and objects to confirmation of the debtors' First Modified, Pre-Confirmation Chapter 13 Plan, and in support thereof states as follows:

1.       Based upon the debtors' pay stub dated May 28, 2010, the debtor-husband's year-to-date gross income was in the amount of $66,666.65, which constitutes monthly net income in the average amount of $8,737.44.  Thus, based on a year-to-date calculation, debtor-husband's income exceeds the amount disclosed on the debtors' Amended Schedule I by approximately $810.00 per month.  Further, based on an average of debtor-husband's pay stubs dated March 31, 2010 and May 28, 2010, debtor-husband had average monthly net income of $8,752.66 which exceeds the amount disclosed on debtors' Amended Schedule I by approximately $825.00 per month.  Accordingly, debtors' Plan fails to comply with 11 U.S.C. Section 1325(b)(1)(B) and 11 U.S.C. Section 1325(a)(3).

2.       Based upon the debtors' Amended Schedule I, the debtor has a deduction for "retirement" in the amount of $222.00 per month.  Based upon debtors' testimony at the First Meeting of Creditors, this is a new retirement contribution.  The commencement of a retirement contribution on the eve of filing bankruptcy, lacks good faith in contravention of 11 U.S.C. Section 1325(a)(3) and results in debtors' Plan failing to commit 100% of debtors' disposable income in violation of 11 U.S.C. Section 1325.  *See, Burden v. Seafort,* 2010 WL 3564709 (6th Cir. BAP 2010).

3.       Further, although debtors' Amended Schedule I indicates that debtor-husband has a deduction for a retirement contribution, debtor-husband's pay stubs do not reflect any deduction for contribution.  Therefore, debtors' Amended Schedule I understates debtor's actual monthly net income by $222.00 per month resulting in debtors' Plan failing to comply with 11 U.S.C. Section 1325.

4.       The debtors' Plan fails to provide that all of the debtors' projected disposable income be utilized to fund the Plan.  Specifically, the debtors' Schedule J has overstated the following expense(s) in contravention of 11 U.S.C. Section 1325(a)(3) and/or 11 U.S.C. Section 1325(b):

     a.       Food for three people - $1,368.00.  Based upon the debtors' testimony at the First Meeting of Creditors, the debtors do not have any special dietary needs justifying such a large food expense for three people.

     b.       Water and Sewer - $90.00.  Based on documents provided by debtors, debtors' actual water bill is only $55.00 per month.

c. Comcast TV/Internet/Phone - $190.00.

d. Health Savings Account - $250.00. Debtors' Schedule J appears to double count for this expense as this expense has already been deducted on debtors' Amended Schedule I as "insurance". Further, debtors' Schedule J includes a separate line item for medical and dental expenses of $100.00 per month which would constitutes expenses which are reimbursed to debtors from debtors' Health Savings Account.

e. Education for child under 18 - $50.00.

5. Based on the Plan as filed, the debtors fail to provide for the submission of sufficient future earnings or future income for the execution of the Plan in contravention of 11 U.S.C. 1322(a)(1).

6. On September 22, 2010 this Court entered an Order permitting debtors to acquire a new motor vehicle with a monthly payment not to exceed $428.00. However, this new motor vehicle payment is not accounted for on debtors' Amended Schedule J. Accordingly, debtors' Plan may not be feasible as required by 11 U.S.C. Section 1325(a)(6).

7. Debtors' Amended Schedule J adds a new expense for "2009 Federal Tax" in the amount of $150.00 per month. To the extent that this obligation constitutes a pre-petition tax liability, debtors' proposed direct payment of this obligation violates 11 U.S.C. Section 1322(b)(1) as direct payment of this obligation unfairly discriminates against unsecured creditors. To the extent that this is deemed a post-petition obligation, based on debtors' 2009 tax return, the total liability was only $837.00 which would have been paid off within six months of the date on which debtors' tax return was filed based on the deduction on debtors' Schedule J. Accordingly, debtors no longer have that expense or, in the alternative, will no longer have that expense as of January 1, 2011. However, debtors' Plan fails to increase funding at the termination of that expense, further resulting in debtors' Plan failing to comply with 11 U.S.C. Section 1325.

8. To the extent that debtors' 2009 tax liability is considered a pre-petition liability, debtors' Chapter 13 Plan fails to provide any treatment of that liability as required by 11 U.S.C. Section 1322(a)(2).

**WHEREFORE,** the Chapter 13 Standing Trustee prays that this Honorable Court deny confirmation of the debtors' Chapter 13 Plan.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-DETROIT
David Wm. Ruskin, Chapter 13 Standing Trustee

Dated: October 4, 2010    _____/s/ Thomas D. DeCarlo_____
DAVID WM. RUSKIN (P26803)
LISA K. MULLEN (P55478)
THOMAS D. DECARLO (P65330)
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
Telephone (248) 352-7755

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**IN THE MATTER OF:**

|  |  |
|---|---|
|  | CHAPTER 13 |
| JAMES BRENDAN DIMOND, | CASE NO. 10-52106-PJS |
| JENNIFER ANNE DIMOND, | JUDGE PHILLIP J. SHEFFERLY |
| DEBTORS. |  |

_____/

**CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO CONFIRMATION OF THE DEBTORS' FIRST MODIFIED, PRE-CONFIRMATION CHAPTER 13 PLAN**

I hereby certify that on October 4, 2010, I electronically filed the Trustee's Objections to Confirmation of the debtors' First Modified, Pre-Confirmation Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

GREGORY L DODD ATTORNEY AT LAW
300 NORTH HURON
YPSILANTI, MI

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

JAMES BRENDAN DIMOND
JENNIFER ANNE DIMOND
7234 DEERTRACK DRIVE
YPSILANTI, MI  48197-0000

_____/s/ Colleen Weiss_____
Colleen Weiss
For the Office of the Chapter 13 Standing Trustee-Detroit
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
(248) 352-7755